UNITED STATES BANKRUPTCY COURT
DISTRICT OF

In re: §
§
REES H DAVIES § Case No. 12-62471
SUSAN L DAVIES §
§
Debtor(s) §

TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on    . The undersigned trustee was appointed on    .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]              $

The remaining funds are available for distribution.

---
[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/Lisa M. Barbacci_____
                                              Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| | | |
|---|---|---|
| Case No: 12-62471 RK Judge: Russ Kendig | Trustee Name: | Lisa M. Barbacci |
| Case Name: REES H DAVIES | Date Filed (f) or Converted (c): | 09/06/12 (f) |
| SUSAN L DAVIES | 341(a) Meeting Date: | 10/16/12 |
| For Period Ending: 03/24/13 | Claims Bar Date: | 02/11/13 |

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1 | 841 McGill St., Orrville, OH 44667 | 70,390.00 | 0.00 | | 0.00 | FA |
| 2 | 600 Vine St., Orrville, OH | 24,100.00 | 0.00 | | 15,000.00 | FA |
| 3 | First National Bank - checking account | 397.00 | 0.00 | | 0.00 | FA |
| 4 | First National Bank - savings account | 104.00 | 0.00 | | 0.00 | FA |
| 5 | Usual household goods | 1,000.00 | 0.00 | | 0.00 | FA |
| 6 | Usual wearing apparel | 1,000.00 | 0.00 | | 0.00 | FA |
| 7 | Life insurance - whole life - American Equity (no cash value | 0.00 | 0.00 | | 0.00 | FA |
| 8 | Life insurance - Vulcan Life Insurance Co. - whole life (no | 0.00 | 0.00 | | 0.00 | FA |
| 9 | Life insurance - Union Fidelity Life Insurance - (no cash va | 0.00 | 0.00 | | 0.00 | FA |
| 10 | Banner Life Insurance Company | 0.00 | 0.00 | | 0.00 | FA |
| 11 | Genworth Life & Annuity Insurance - term life (no cash value | 0.00 | 0.00 | | 0.00 | FA |
| 12 | Military Disability | 988.00 | 0.00 | | 0.00 | FA |
| 13 | PERS through employment | 917.00 | 0.00 | | 0.00 | FA |
| 14 | Deferred comp. | 190.00 | 0.00 | | 0.00 | FA |
| 15 | IRA | 0.00 | 0.00 | | 0.00 | FA |
| 16 | 1977 Honda Motorcycle (inoperable) | 0.00 | 1.00 | | 0.00 | FA |
| 17 | 1999 Ford F150 | 2,650.00 | 1.00 | | 0.00 | FA |
| 18 | 2003 Nissan Altima (see Sch. D) | 5,675.00 | 0.00 | | 0.00 | FA |
| 19 | 1946 Cessna 120 N77224 (inoperable) | 4,455.00 | 4,455.00 | | 5,300.00 | FA |
| 20 | 1946 Cessna 140 N73637 (and parts) (u) | Unknown | 1.00 | | 0.00 | FA |

TOTALS (Excluding Unknown Values) $111,866.00 $4,458.00 $20,300.00

Gross Value of Remaining Assets $0.00
(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

| | | | | | | |
|---|---|---|---|---|---|---|
| Case No: | 12-62471 | RK | Judge: | Russ Kendig | Trustee Name: | Lisa M. Barbacci |
| Case Name: | REES H DAVIES | | | | Date Filed (f) or Converted (c): | 09/06/12 (f) |
| | SUSAN L DAVIES | | | | 341(a) Meeting Date: | 10/16/12 |
| For Period Ending: 03/24/13 | | | | | Claims Bar Date: | 02/11/13 |

Review of Bank Accounts and Compromise Possible Equity in 1/2 Interest in Real Property located at 600 Vine St., Orrville, Ohio, and Two Airplanes.

(3-24-13) Claims review. Prepare TFR.

RE PROP #   2   --   One-Half Interest

Initial Projected Date of Final Report (TFR):   03/24/13      Current Projected Date of Final Report (TFR):   03/24/13

# FORM 2
## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1

Exhibit B

Case No: 12-62471  
Case Name: REES H DAVIES  
SUSAN L DAVIES  
Taxpayer ID No: XX-XXX0628  
For Period Ending: 03/24/13  

Trustee Name: Lisa M. Barbacci  
Bank Name: Union Bank  
Account Number/CD#: XXXXXX1259 - Checking Account  
Blanket Bond (per case limit): $2,000,000.00  
Separate Bond (if applicable):  

| 1 Transaction Date | 2 Check or Reference | 3 Paid To / Received From | 4 Description Of Transaction | Uniform Tran. Code | 5 Deposits ($) | 6 Disbursements ($) | 7 Account/CD Balance ($) |
|---|---|---|---|---|---|---|---|
| 03/17/13 | | Attny Beaumont Trust Acct | sale of real property interest and airplane equity in real property and sale of airplane | | 20,300.00 | | 20,300.00 |
| | | | Gross receipts  20,300.00 | | | | |
| | 19 | | 1946 Cessna 120 N77224 (inoperable)  5,300.00 | 1129-000 | | | |
| | 2 | | 600 Vine St., Orrville, OH  15,000.00 | 1110-000 | | | |

|  | COLUMN TOTALS | 20,300.00 | 0.00 | 20,300.00 |
|---|---|---|---|---|
|  | Less: Bank Transfers/CD's | 0.00 | 0.00 | |
|  | Subtotal | 20,300.00 | 0.00 | |
|  | Less: Payments to Debtors | 0.00 | 0.00 | |
|  | Net | 20,300.00 | 0.00 | |

| | TOTAL OF ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|---|
| | Checking Account - XXXXXX1259 | 20,300.00 | 0.00 | 20,300.00 |
| | | 20,300.00 | 0.00 | 20,300.00 |
| | | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

Total Allocation Receipts: 0.00  
Total Net Deposits: 20,300.00  
Total Gross Receipts: 20,300.00  

Page Subtotals  20,300.00  0.00

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 12-62471  
Debtor Name: DAVIES, REES H  
Claims Bar Date: 02/11/13  
Date: March 24, 2013

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Lisa M. Barbacci<br>PO Box 1299<br>Medina, OH 44258-1299 | Administrative | | $0.00 | $2,780.00 | $2,780.00 |
| 100 2200 | Lisa M. Barbacci<br>PO Box 1299<br>Medina, OH 44258-1299 | Administrative | | $0.00 | $468.51 | $468.51 |
| 100 3711 | Bryan Jorgensen<br>Bryan Jorgensen<br>8587 Leatherman Rd<br>Wadsworth, OH 44281-8447 | Administrative | Employed per Order (Docket No. 17). | $0.00 | $500.00 | $500.00 |
| 100 3110 | Lisa M. Barbacci<br>600 E. Smith Rd.<br>P.O. Box 1299<br>Medina, OH 44258-1299 | Administrative | | $0.00 | $277.50 | $277.50 |
| 100 3120 | Lisa M. Barbacci<br>600 E. Smith Rd.<br>P.O. Box 1299<br>Medina, OH 44258-1299 | Administrative | | $0.00 | $28.35 | $28.35 |
| 3 280 5800 | Ohio Dept. of Job & Family Services<br>P.O. Box 182404<br>Columbus, OH 43218 | Priority | Date Filed: 11/09/12 | $2,289.00 | $2,289.00 | $2,289.00 |
| 4 280 5800 | Dept. of the Treasury<br>Internal Revenue Service<br>AUstin, TX 73301 | Priority | Date Filed: 11/19/12 | $3,771.00 | $7,872.43 | $7,872.43 |
| 1 300 7100 | Cavalry Portfolio Svcs.<br>500 Summit Lake Dr., Ste 4A<br>Valhalla, NY 10595 | Unsecured | Date Filed: 11/06/12 | $10,022.00 | $10,192.78 | $10,192.78 |
| 2 300 7100 | Cavalry Portfolio Svcs.<br>500 Summit Lake Dr., Ste 4A<br>Valhalla, NY 10595 | Unsecured | Date Filed: 11/06/12 | $8,969.00 | $9,921.58 | $9,921.58 |
| 5 300 7100 | FIA CARD SERVICES, N.A.<br>4161 Piedmont Parkway<br>NC4 105 03 14<br>Greensboro, NC 27410 | Unsecured | Date Filed: 11/19/12 | $40,808.00 | $40,807.69 | $40,807.69 |
| 6 300 7100 | American Express Centurion Bank<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern PA 19355-0701 | Unsecured | Date Filed: 11/28/12 | $1,356.00 | $1,355.58 | $1,355.58 |
| 7 300 7100 | Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Unsecured | Date Filed: 11/29/12 | $550.00 | $1,071.45 | $1,071.45 |
| 8 300 7100 | Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Unsecured | Date Filed: 11/29/12 | $309.00 | $538.82 | $538.82 |
| 9 300 7100 | American Express Centurion Bank<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern PA 19355-0701 | Unsecured | Date Filed: 11/30/12 | $4,152.00 | $4,122.88 | $4,122.88 |
| 10 300 7100 | Capital One NA<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern PA 19355-0701 | Unsecured | Date Filed: 12/27/12 | $643.00 | $643.84 | $643.84 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 12-62471  
Debtor Name: DAVIES, REES H  
Claims Bar Date: 02/11/13  
Date: March 24, 2013

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| | Case Totals | | | $72,869.00 | $82,870.41 | $82,870.41 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-62471
Case Name: REES H DAVIES
             SUSAN L DAVIES
Trustee Name: Lisa M. Barbacci

    Balance on hand      $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Lisa M. Barbacci | $ | $ | $ |
| Trustee Expenses: Lisa M. Barbacci | $ | $ | $ |
| Attorney for Trustee Fees: Lisa M. Barbacci | $ | $ | $ |
| Attorney for Trustee Expenses: Lisa M. Barbacci | $ | $ | $ |
| Other: Bryan Jorgensen | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses    $_____

    Remaining Balance    $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 3 | Ohio Dept. of Job & Family Services | $ | $ | $ |
| 4 | Dept. of the Treasury | $ | $ | $ |

Total to be paid to priority creditors    $_____

Remaining Balance    $_____

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $   have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be    percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Cavalry Portfolio Svcs. | $ | $ | $ |
| 2 | Cavalry Portfolio Svcs. | $ | $ | $ |
| 5 | FIA CARD SERVICES, N.A. | $ | $ | $ |
| 6 | American Express Centurion Bank | $ | $ | $ |
| 7 | Capital One Bank (USA), N.A. | $ | $ | $ |
| 8 | Capital One Bank (USA), N.A. | $ | $ | $ |
| 9 | American Express Centurion Bank | $ | $ | $ |
| 10 | Capital One NA | $ | $ | $ |

| | |
|---|---|
| Total to be paid to timely general unsecured creditors | $_____ |
| Remaining Balance | $_____ |

Tardily filed claims of general (unsecured) creditors totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be     percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be     percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE